IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID LEE PUTNAM, AIS #155060X, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO. 1:11-cv-965-WHA |
| | ) |
| TONY PATTERSON, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #13), entered on October 2, 2014, and the Petitioner's Objection (Doc. #14), filed on October 20, 2014.  The court has conducted an independent evaluation and *de novo* review of the file in this case and finds as follows:

In this section 2254 habeas action, the Petitioner, David Lee Putnam, challenges the constitutionality of Ala. Code § 13A-5-9.1 and the holdings of the state courts with respect to the identification of inmates eligible for sentence reconsideration. Putnam acknowledges that § 13A-5-9.1 specifically addresses the retroactive application of the 2000 amendment to § 13A-5-9 and also concedes that the state courts have limited the application of § 13A-5-9.1 to prisoners sentenced prior to May 25, 2000. However, he argues that this court should overrule the statute and the decisions of the state courts "as violative of Due Process and Equal Protection." Attachment to Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1 at 15. Specifically, Putnam asserts "that to exclude him from presenting the changes in his status as an Alabama prisoner, futuristically to the sentencing court just like those prisoners sentenced prior to May 25,

2000 is a violation of his Equal Protection and Due Process protections under the United States Constitution.... The appellate courts of the State of Alabama interpretations of § 13A-5-9.1 have combined to make [the statute] unconstitutional as an impermissible violation of the equal protection and due process provisions provided to David Lee Putnam and other ... non-violent offenders [sentenced after May 25, 2000]." Id. at 18-19.

The Recommendation of the Magistrate Judge was that the petition be denied. With respect to the due process claim, the Recommendation noted: "[D]etermination of which inmates are eligible to seek a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1 'is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief. See Carrizales [v. Wainwright, 699 F.2d 1053, 1055 ((11th Cir.1983)].' Curry v. Culliver, 141 Fed.Appx. 832, 834 ((11th Cir. 2005)." Recommendation - Doc. No. 13 at 15. In addressing the equal protection claim, the Magistrate Judge first determined that Ala. Code § 13A-5-9.1 was not facially discriminatory. Id. at 23-26. Additionally, it was determined that application of the statute to Putnam was not violative of his equal protection rights. Id. at 26-30.

In the first 4-plus pages of the Objection, Putnam recounts the procedural history of this case. He then identifies the equal protection claim and merely "objects to the Magistrate stating that he did not have standing to bring an equal protection claim against the statute." Doc. No. 14 at 5. Putnam next references his due process claim and simply objects to the conclusion by the Magistrate Judge that he did not have standing to challenge this claim. Id. at 6. As noted above, the Recommendation cited federal law in determining that the question of which inmates are eligible to request a reduction of their sentences is purely a question of state law which provides no basis for federal habeas relief. Curry, 141 Fed.Appx. at 834. Other than his stated objections to the findings set forth in the Recommendation, Putnam makes no arguments in support of the

objections. The Recommendation thoroughly and completely addresses the arguments set forth by Putnam in his petition. The conclusory objections in no way undermine the determinations made in the Recommendation, with which the court agrees.

Therefore, the court OVERRULES the objection, the Recommendation of the Magistrate Judge is ADOPTED, and it is hereby

ORDERED that this 28 U.S.C. § 2254 petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

DONE this 29th day of October, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE